## WITLIN v. WITLIN.

No. 68-733.

Circuit Court, Dade County.

December 4, 1969.

176

Arnold Nevins and Irving Cypen, both of Miami Beach, for the plaintiff.

L. J. Cushman, Miami, for the defendant.

JAMES LAWRENCE KING, Circuit Judge.

The above styled cause coming on for trial and final hearing and the court having heard the testimony and evidence of the parties and having duly considered said cause, upon consideration thereof, it is considered, ordered and adjudged as follows —

That the equities of the above styled cause are with defendant, Geraldine Evans Witlin, also known as Jerry Evans Witlin ("Geraldine" hereafter), and that she has proved the material allegations of her counterclaim and is entitled to the relief hereinafter granted. The allegations of adultery against her have not been proven by competent substantial evidence.

That Geraldine is awarded a divorce a vinculo matrimonii from the plaintiff, Michael M. Witlin ("Michael" hereafter) on the grounds of habitual indulgence in a violent and ungovernable temper and extreme cruelty, and the bonds of matrimony heretofore existing between Geraldine and Michael be and the same are dissolved and the parties are each restored to all the rights of single persons.

Geraldine testified that she and her husband had an understanding whereby their total resources would be placed in a joint fund for ultimate retirement. Michael testified that at the time of their marriage he was just commencing to build a medical practice and that his income was very low. He further stated that Geraldine wanted to get married and convinced him that by pooling their income they could attain a better standard of living. Michael had just gone through a divorce and was not anxious to re-marry. He testified that after their marriage the funds were pooled in a joint checking account and were used to pay monthly living expenses. Both parties had full access to the joint account and Geraldine on at least one occasion withdrew the entire balance of $2,500 from the account.

The court is of the opinion, from observing the demeanor of the witnesses and forming certain conclusions concerning their credulity, that the testimony of the plaintiff husband is true as it pertains to a retirement fund. The court therefore finds that there was no "retirement fund" in which the wife is entitled to a special equity.

Geraldine contributed $5,000 toward the purchase of the Keystone Point home in September of 1966. She also contributed $4,500 toward the furniture for a total contribution of $9,500 of

her own funds. Michael contributed a like amount. Title to the home was originally taken in their joint names and subsequently transferred to the name of the plaintiff because the defendant feared the filing of a U. S. tax lien against her individually.

The court finds that the parties clearly intended to be joint owners of the property. Michael is accordingly ordered to convey to Geraldine one-half interest in that certain real estate owned by the parties as their marital domicile within 10 days from and after this final judgment.

The parties possess a boat, title to which is in Michael's name. Again the parties' testimony is conflicting. Michael testified that he paid for the boat by paying $2,000 by check and $800 in cash, a total of $2,800. Geraldine testified that she contributed the $800 in cash and that it was intended to be a gift to her son by a prior marriage. The boat was put in storage by plaintiff at the time he left the home in December, 1967 but was taken out of storage by Mrs. Witlin shortly thereafter and has been used by her and her son since that time. Geraldine is ordered to deliver possession of the boat to Michael within 10 days from and after the date of this final judgment.

The marriage was of relatively short duration, punctuated by frequent outbursts of temper — by both parties — and numerous separations. Michael has increased his income from $5,479 in 1963 to approximately $47,000 in 1967. Geraldine has operated her own business, a wig salon, during the marriage.

The court is of the opinion that a lump sum alimony award is just and appropriate under the facts and circumstances of this case. Michael is ordered to pay $15,000 as lump sum alimony to Geraldine in six equal installments with the first payment of $2,500 due within 10 days from and after the date of this judgment and the remaining five payments of $2,500 each due at six month intervals, until fully paid.

Michael is ordered and required to pay all reasonable bills incurred by Geraldine for physicians' services, medicines and medical care during the period from the date of the separation of the parties down to the date of this judgment upon the presentation to him of any and all of such bills, such payments to be made directly to the persons, firms or corporations entitled to such payment. In the event the parties are unable to agree as to the reasonableness of a particular bill, the issue will be referred to a special master pursuant to Fla. Rule of Civil Procedure 1.490.

Michael is ordered and directed to pay to L. J. Cushman as reasonable attorney's fees the total sum of $3,500. The temporary

fee of $750 shall be deducted from the total awarded herein and the balance of $2,750 paid within 10 days hereof.

Michael is ordered and required to pay all costs in the above entitled cause, to be assessed upon motion and notice.